**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| OLIVIA BAYS, | § | |
|     PLAINTIFF | § | |
| | § | |
| V. | § | CIV. ACTION NO. _____5:20-cv-141____ |
| | § | |
| HERTZ GLOBAL HOLDINGS, INC., | § | |
|     DEFENDANT | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, Defendants, Hertz Global Holdings, Inc., ("HGH") and The Hertz Corporation ("Hertz" and collectively with HGH, "Defendants"), hereby give notice of the removal of this action from the 407th District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division based on diversity jurisdiction under 28 U.S.C. § 1332. In support of removal, Defendants state as follows:

1.    Plaintiff, Olivia Bays ("Bays" or "Plaintiff") filed her Original Petition (Cause No. 2019-CI-25556) in the underlying state court proceeding in the 407th Judicial District of Bexar County, Texas, on December 17, 2019. Exhibit 1 (*Pltf's Orig. Pet.*). Plaintiff's underlying state court action is within the district and division of this Court.

2.    On January 8, 2020 HGH received a letter of representation from attorney Robert Contreras forwarding the Plaintiff's Original Petition and claiming proper service had been made. Exhibit 2 (*Ltr. of Rep.*). The Bexar County docket sheet for the underlying state court action indicates that as of February 6, 2020, Plaintiff has not requested that any citation be issued for any defendant in the underlying state court case. Exhibit 3 (*Bexar Cnty. Dkt. Sheet*).

3.    Defendants waived service of process and appeared and answered in the underlying state court case on February 3, 2020. Exhibit 4 (*Defs' Orig. Ans.*). This Notice of Removal is

timely, because it is filed within thirty (30) days after HGH's receipt of Plaintiff's Original Petition. 28 U.S.C. §1446(b). This action is removed from state court to this Court pursuant to 28 U.S.C. § 1441(b) because there is complete diversity of citizenship between the parties and the amount in controversy is in excess of the jurisdictional limit.

A. **Complete Diversity Exists**

4.      The Original Petition appears to allege claims of defamation and intentional infliction of emotional distress against Hertz and another unrelated entity, Viking Billing Services ("Viking").[1] *See generally* Exhibit 1. Generally, Plaintiff claims Hertz and Viking defamed her by allegedly making false representations concerning her alleged damage to a Hertz rental vehicle; accusations of theft of a Hertz rental vehicle; and demands for payment of the alleged vehicle damages. *See id.* at § I.

5.      Plaintiff resides in San Diego. *Id.* at 1, 9, 11. According to the Fifth Circuit, "the state where someone establishes his domicile serves a dual function as his state of citizenship." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citing *Stine v. Moore*, 213 F.2d 446, 447 (5th Cir. 1954)). Thus, for diversity purposes, it is presumed Plaintiff is a citizen of California.

6.      HGH and Hertz are both Delaware corporations, and maintain principal places of business in Florida. *See* Exhibit 5 (*Del. Div. of Corps.- HGH*); *See* Exhibit 6 (*Del. Div. of Corps.- Hertz*). Accordingly, Defendants are citizens of Delaware and/or Florida for diversity purposes.

7.      Plaintiff's Original Petition makes allegations regarding Viking's conduct, and at one point identifies it as a defendant. Viking is an assumed name of Viking Client Services, LLC.

---

[1]The Original Petition does not make any factual allegations with respect to the conduct of HGH. HGH reserves its right to assert all legal defenses to the lawsuit, including any and all defenses under Federal Rule of Civil Procedure 12

*See* Exhibit 7 (*Tex. Sec. of State Sheet- Viking*).  According to the Texas Secretary of State, Viking is a foreign limited liability company formed under the laws of Minnesota with a principal place of business in Minnesota.  *Id.* Accordingly, for diversity jurisdiction purposes, Viking is presumed to be a citizen of Minnesota. Accordingly, there is complete diversity between the parties.  28 U.S.C. § 1441(b).

8.      However, nothing in the record shows, or even suggests, that Viking has been properly served. *See* Exhibit 3. Indeed, Plaintiff has not requested citation for any putative defendant in the underlying state court action. *Id.* Therefore, Viking's consent is not necessary for purposes of this removal.  28 U.S.C. § 1446(b)(2)(A).

## B. It is Facially Apparent from Plaintiff's Original Petition that the Amount in Controversy is above $75,0000

9.      The removing party has the burden of establishing that the amount in controversy exceeds $75,000. *Grant v. Chevron Phillips Chem. Co. L.P*, 309 F.3d 864, 868 (5th Cir. 2002). Defendants can satisfy that burden by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.  *See, e.g.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir 1995).  The variety of damages sought to be recovered by a plaintiff—including attorney's fees and punitive damages— may be considered by the Court in determining whether an amount in controversy in excess of the jurisdictional threshold is facially apparent.  *See Allen*, 63 F.3d at 1335; s*ee also Cooper v. Sam's East, Inc.*, No. A-09-CV-592-LY, 2009 U.S. Dist. LEXIS 141767, *8-9 (W.D. Tex. Oct. 6, 2009).

10.      Here, Plaintiff's Original Petition does not allege a specific amount in controversy. However, Plaintiff specifically seeks recovery of compensatory damages for "financial and emotional injuries" including lost wages, mental anguish, suffering, emotional distress, damage to reputation, and damage to her credit score. *See* Exhibit 1 at §I  ¶14; §III,  ¶¶1-4; § IV.  Plaintiff

also seeks recovery of interest, punitive damages, court costs, and attorney's fees. *Id.* Accordingly, in light of the variety of compensatory damages, punitive damages, fees, and costs sought by Plaintiff, it is facially apparent from the allegations in Original Petition that the amount in controversy exceeds the value of $75,000.

### C. Additional Information for Removal

11.     The underlying state court proceeding is pending in the 407th District Court for Bexar County, Texas, which is located within the jurisdiction of this Court.

12.     Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing hereof, undersigned counsel has given notice of filing to Plaintiff. Likewise Notice of filing this Notice of Removal is being promptly filed with the 407th District Court of Bexar County, Texas, as required by 28 U.S.C. § 1446(d).

13.     Plaintiff has demanded a jury trial in the state court proceeding.

14.     Defendants include with this Notice of Removal copies of all state-court pleadings, processes, or orders, as well as a docket sheet from the underlying state court dated February 6, 2020. *See* Exhibits 1; 2; 3; and 4.

15.     Defendants respectfully request that this Court take jurisdiction in this civil action to its conclusion, to the exclusion of any further proceedings in the underlying state court, in accordance with federal law.

WHEREFORE PREMISES CONSIDERED, Defendants Hertz Global Holdings, Inc. and The Hertz Corporation remove all further proceedings in the above-referenced matter filed in the 407th District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and respectfully requests that this Court assume full

jurisdiction of this action as provided by law.  Defendants also asks for all further relief to which

they may show themselves justly entitled at law or in equity.

Respectfully submitted,

BY:    /s/ Marcus R. Tucker
Marcus R. Tucker
Fed. ID 12769
State Bar No. 20282360
Andrew R. Nash
Fed. ID:1690806 *W.D. Tex. App. pending*
State Bar. No. 24083550
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: 713-626-1386
Facsimile: 713-626-1388
Email: marcus.tucker@phelps.com
Email: andy.nash@phelps.com

**ATTORNEY FOR DEFENDANTS HERTZ
GLOBAL HOLDINGS, INC. AND THE
HERTZ CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing.  I also hereby certify that copies to those Parties not registered with the CM/ECF system will be sent via CM/RRR.

Robert Contreras
304 S. Jones Blvd #1625
Las Vegas, NV 89107
protectingcivilrights@rcontreraslaw.com
*Purported counsel for Plaintiff*

Olivia Bays
6161 El Cajon Blvd. #805
San Diego, CA 92115
*Plaintiff*

/s/ *Andrew R. Nash*
Of Phelps Dunbar LLP

PD.27945598.1