**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**



| | | |
|---|---|---|
| OLIVIA BAYS<br>*Plaintiff,* | § | |
| v. | § | **SA-20-CV-141-XR** |
| HERTZ GLOBAL HOLDINGS, INC.<br>*Defendant*. | § | |

## <u>ORDER</u>

On this date, the Court considered Defendant Hertz Global Holdings' motion to lift the stay in this case and dismiss Plaintiff's claims. ECF No. 12. Plaintiff has not filed a response and the time to do so has now passed. For the reasons discussed below, the Court **GRANTS** Defendant's motion.

## BACKGROUND

Plaintiff initially filed her petition in state court alleging, *inter alia*, intentional infliction of emotional distress . The case was removed to this Court based on diversity jurisdiction. ECF No. 1. On June 1, 2020, the Defendant filed a Suggestion of Bankruptcy, ECF No. 6, and the case was therefore stayed. ECF No. 7. On September 9, 2020, the Bankruptcy Court issued an Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim. ECF No. 12-1. The deadline for filing proofs of claims against Defendant was October 21, 2020. ECF No. 12-2 at 1. Although Plaintiff was given notice via mail, she never filed a proof of claim.[1] ECF No. 12-3. On June 10, 2021, an order was entered in Defendant's bankruptcy, which confirmed the

[1] A search of the claims register for the Hertz Bankruptcy for "Bays, Olivia," shows no claim value was asserted. *See* https://restructuring.primeclerk.com/hertz/Home-ClaimInfo.

Chapter 11 reorganization and granted related relief. ECF No. 12-5. Defendant now moves for judgment on the pleadings pursuant to Rule 12(c), arguing that Plaintiff's claims are void because they were discharged in the bankruptcy and by her failure to file a proof of claim. ECF No. 12.

## DISCUSSION

### I. Legal Standard

Rule 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. FED. R. CIV. P. 12(c). "The standard for deciding such a motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

In deciding a Rule 12(c) motion, as with a Rule 12(b)(6) motion, all factual allegations from the complaint must be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Put differently, a plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155*, 681 F.3d 614, 617 (5th Cir. 2012)).

In its analysis, the Court may consider items outside of the pleadings if those materials are matters of public record. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995).

## II. Analysis

Plaintiff's claims have been discharged pursuant to 11 U.S.C. § 1141. *See Benavides v. BMC-West*, No. H-10-207, 2010 WL 11678956 at *2 (S.D. Tex. Mar. 2, 2010). In the Bar Date Order, the Bankruptcy Court set a deadline for all existing creditors to show proof of outstanding claims. Plaintiff's claims arose before Defendant filed a petition for bankruptcy. After receiving notice of the Hertz Bankruptcy via Hertz's suggestion of bankruptcy in this proceeding, as well as the Bar Date Notice and a Proof of Claim form in the Hertz Bankruptcy, Plaintiff did not file a proof of claim.

Therefore, pursuant to the Plan, the Confirmation Order, and 11 U.S.C. § 1141, Plaintiff's claims have been discharged, any actions in furtherance of her claims have been enjoined, and this case must be dismissed. *See Benavides*, 2020 WL 11678956 at *2; *see also Bosiger v. U.S. Airways*, 510 F.3d 442, 448–49 (4th Cir. 2007) (citing FED. R. BANKR. P. 3003(c)(3); 11 U.S.C. §§ 524(a)(2), 1141(d)(1)(A)) (claim terminated by operation of Bankruptcy Code when claim holder failed to file a proof of claim).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 12) is **GRANTED**. Plaintiff shall take nothing by her claims and his claims are dismissed with prejudice. Defendant is awarded costs and may file a bill of costs pursuant to the local rules. The Clerk is directed to enter a final judgment pursuant to Rule 58 and **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 1st day of December, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE